**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

SELECTIVE INSURANCE COMPANY OF AMERICA,

Plaintiff,

v.

HERITAGE CONSTRUCTION COMPANIES, LLC, JAC & SONS INVESTMENTS, ANDREW P. CHRISTENSEN, and JENNIFER A. CHRISTENSEN,

Defendants/Third-Party Plaintiffs

v.

PHILIP KEITHAHN and MINNESOTA MEDICAL UNIVERSITY, LLC,

Third-Party Defendants.

Civil No. 19-3174 (JRT/JFD)

**ORDER GRANTING IN PART AND DENYING IN PART THIRD-PARTY PLAINTIFF'S MOTION TO AMEND JUDGMENT TO INCLUDE PRE- AND POST-JUDGMENT INTEREST**

Alexander Brian Athmann, Kyle E. Hart, and Richard G. Jensen, **FABYANSKE WESTRA HART & THOMSON, PA**, 333 South Seventh Street, Suite 2600, Minneapolis, MN 55402, for Defendants/Third-Party Plaintiffs.

Alexander David Klein and J. Scott Andresen, **BRADFORD ANDRESEN NORRIE & CAMAROTTO**, 3600 American Boulevard West, Suite 670, Bloomington, MN 55431, for Third-Party Defendants.

This action, which stems from a failed construction project, culminated in a trial between Third-Party Plaintiffs Heritage Construction Companies, LLC ("Heritage Construction"), JAC & Sons Investments, Andrew P. Christensen, and Jennifer A. Christensen (collectively the "Heritage Parties") and Third-Party Defendants Minnesota

Medical University, LLC ("MMU") and Philip Keithahn. The parties stipulated to MMU's liability to Heritage Construction for breach of contract, and the jury found both MMU and Keithahn liable for negligent misrepresentation, fraud by omission, and common law indemnification. The Heritage Parties filed a motion to amend the judgment to add pre- and post-judgment interest. MMU and Keithahn oppose the motion because of concerns about duplicative damages.[1] Because the Court finds the damages to be duplicative, it will amend its judgment to a damage amount of $6,019,563.98. The Court will award pre-judgment interest at a rate of 10% for the fraud damages and 1% to the remaining breach of contract damages. The Court will also enter post-judgment interest at a rate of 5.01% accruing daily from the date of judgment, December 19, 2023, until paid.

**BACKGROUND**

The facts and procedural history of this litigation have been addressed extensively in prior orders, so the Court will only provide a brief summary below. *See Selective Ins. Co. of Am. v. Heritage Constr. Cos., LLC*, No. 19-3174, 2022 WL 4096084, *1–4 (D. Minn. Sept. 7, 2022). This action originated when Selective Insurance filed claims against the Heritage Parties because they failed to indemnify Selective pursuant to their

[1] The Court is cognizant of the fact that MMU and Keithahn are seeking a new trial on damages for the fraud by omission claim and remittitur of damages in the amount of $300,000 on the breach of contract claim in their own post-trial motion. This Order addresses only the Heritage Parties' motion to amend the judgment. To the extent that the Court later finds a new trial or remittitur appropriate, it will amend the judgment accordingly.

indemnification agreement. *Id.* at *4. Selective and the Heritage Parties have since reached a confidential settlement. *Id.*

The Heritage Parties then filed a third-party complaint asserting various contract and tort claims against MMU and Philip Keithahn. *Id.*; (Answer & Am. Third-Party Compl. ¶¶ 30–63, Oct. 5, 2020, Docket No. 36.) The claims for breach of contract, fraudulent misrepresentation, negligent misrepresentation, fraud by omission, and indemnification proceeded to trial. *Selective*, 2022 WL 4096084, at *11.

At trial, MMU stipulated to the breach of contract claim, leaving only the measure of damages to the jury. (Third-Party Defs.' Statement of Case at 2, Nov. 28, 2023, Docket No. 141.) The jury awarded $6,019,563.98 to Heritage Construction on the breach of contract claim against only MMU. (Jury Verdict at 1, Dec. 19, 2023, Docket No. 169.) The jury found MMU and Keithahn liable to Heritage Construction on the negligent misrepresentation and fraud by omission claim, awarding $4,878,750.30 in damages under each theory. (*Id.* at 2–4.) The jury found MMU and Keithahn not liable on the fraudulent misrepresentation claim. (*Id.* at 2.) Finally, the jury also found for the Heritage Parties on the indemnification claim, awarding $4,694,788.92 in damages against MMU and Keithahn. (*Id.* at 4–5.)

The Heritage Parties filed a motion to amend the judgment seeking pre- and post-judgment interest on damages under the breach of contract claim, one fraud theory, and indemnification. (Mot. to Alter/Amend/Correct J., Jan. 16, 2024, Docket No. 178.) MMU

and Keithahn countered that the Heritage Parties must elect their remedy before awarding pre-judgment and post-judgment interest to avoid duplicative recovery and that the pre-judgment interest should be halved due to exceptional circumstances that delayed the litigation.[2] (Defs.' Mem. Opp'n Third Party Mot. J. Matter of Law at 2–7, Feb. 13, 2024, Docket No. 198.)[3] MMU and Keithahn do not oppose the Heritage Parties' request for post-judgment interest. (*Id.* at 1.)

MMU and Keithahn filed a motion for judgment as a matter of law and alternatively for a new trial. (Third Party Mot. J. Matter of Law, Jan. 16, 2024, Docket No. 184.) That motion will be addressed in a later order.

## DISCUSSION

### I. DUPLICATIVE DAMAGES

The parties dispute which damages the Heritage Parties can seek recovery for and interest on. Because the Court finds that all the damages, save for some profit damages under the breach of contract theory, are duplicative, it will amend its judgment to specify

[2] MMU and Keithahn also make an argument that that pre-judgment interest is not authorized for the indemnification claim. Because the Court finds that all of the indemnification damages are duplicative of the fraud damages for which the application of pre-judgment interest is not disputed, it need not address this argument.

[3] On the docket, this memorandum is mislabeled as an opposition to MMU and Keithahn's post-trial motion, but it is clearly an opposition to the Heritage Parties' motion to amend the judgment.

damages in the amount of $6,019,563.98.[4] With this amended judgment award is the acknowledgment that only MMU is liable for the breach of contract damages while MMU and Philip Keithahn are jointly and severally liable for the remaining damages, up to $4,878,750.30.

A court's review of jury verdicts is governed by federal law. *Donovan v. Penn. Shipping Co.*, 429 U.S. 648, 649–50 (1977). A party is not precluded from proceeding on multiple theories of recovery, but if successful, it cannot recover duplicative damages. *Structural Polymer Grp., Ltd. v. Zoltek Corp.*, 543 F.3d 987, 1000–01 (8th Cir. 2008); *Diversified Graphics, Ltd. v. Groves*, 868 F.2d 293, 295 (8th Cir. 1989). When a damages award is found to be duplicative, the Court may enter judgment in the amount that "reach[es] the outer limit" of what the party proves were its damages on all its theories. *EFCO Corp. v. Symons Corp.*, 219 F.3d 734, 742 (8th Cir. 2000).

Here, the Court finds that the damages award is duplicative. In proving damages at trial, the Heritage Parties explained the duplicative nature of the damages they were seeking. Specifically, that they were seeking damages under different legal theories that arose out of the same set of facts and alleged wrongdoing. The Heritage Parties acknowledge that the fraud damages are calculated using the same metrics as the breach of contract damages but exclude the loss of profits. (Trial Tr. III at 194, 202–204, Jan. 25,

---

[4] The parties dispute the application of the election of remedies doctrine. Because the Court will merge the duplicative damages amounts, it need not address the dispute over the election of remedies.

2024, Docket No. 190.) The Heritage Parties explicitly noted in their agreed upon answer to a jury question that all of their indemnification damages were encompassed by the fraud claims.[5] (Am. Answer to Jury Question at 1, Dec. 19, 2023, Docket No. 172.) Because all the damages were to remedy a single harm, as acknowledged by the Heritage Parties' damages calculations, the damages awards are duplicative.

The Heritage Parties argue the Court should enter judgment in the full amount for each claim in case the Eighth Circuit reverses on any one claim. However, the Court need not address this uncertainty now. Should the need arise, the Court will address those issues.

As a result, the Court will amend its judgment to $6,019,563.98, in favor of Heritage Construction against MMU and Philip Keithahn with the acknowledgement that Keithahn is only liable up to the amount awarded on the fraud theory, $4,878,750.30.

[5] The jury found MMU and Keithahn liable to the Heritage Parties, not just Heritage Construction, on the indemnification claim. However, only Heritage Construction brought the tort claims, which provided the basis for the indemnification claim, and the Heritage Parties did not allege any other breach of duty that would sustain an indemnification claim. *In re ResCap Liquidating Tr. Litig.*, 428 F. Supp. 3d 53, 75 (D. Minn. 2019); *Selective*, 2022 WL 4096084, at *11 ("The only relevant duty here would be a tort duty.") Even if they had alleged a separate duty, because the Heritage Parties admit that all the damages are the same under the indemnification theory as the fraud theories, the Court fails to see how any damages should be independently granted to any of the other individual plaintiffs. As such, the Court will award the damages on the amended judgment to only Heritage Construction.

## II. PRE-JUDGMENT INTEREST

The Heritage Parties request pre-judgment interest from the filing date, February 20, 2020, until the date of judgment, December 19, 2023, which is a total of 1,399 days, at a rate of 10% on its fraud damages and at a rate of 1% on its breach of contract damages. Interest is evaluated on the damages award after accounting for duplicative damages. *EFCO Corp.*, 219 F.3d at 742. Pre-judgment interest in this case is governed by Minnesota Law. *Kelley as Tr. for PCI Liquidating Tr. v. Boosalis*, 974 F.3d 884, 901 (8th Cir. 2020). Minn. Stat. § 549.09 subd. 1(c)(2) states that for a judgment exceeding $50,000 "the interest rate shall be [10%] per year until paid." The Heritage Parties assume that the interest rate on breach of contract damages is 1% annually as specified in the contract, which MMU and Keithahn do not dispute. (Pl.'s Mem. at 5 n.1, Jan. 16, 2024, Docket No. 180.)

Absent exceptional circumstances, pre-judgment interest is awarded. *Allstate Ins. Co. v. Nguyen*, No. 17-223, 2022 WL 761873, at *1 (D. Minn. Mar. 9. 2022). Exceptional circumstances include instances of bad-faith, frivolous claims, and attempts to repeatedly delay the proceedings. *United States ex rel. Bernard v. Casino Magic Corp.*, 384 F.3d 510, 516 (8th Cir. 2004).

MMU and Keithahn claim that exceptional circumstances justify reducing the pre-judgment interest by half. They first claim that the COVID-19 pandemic was an exceptional circumstance, citing a single non-precedential opinion to support their position. Additionally, they claim that delays due to Court and party scheduling conflicts

were exceptional circumstances. The circumstances MMU and Keithahn describe are unfortunate delays but not the type of exceptional circumstances that courts have previously recognized. *See id.* MMU and Keithahn, for example, do not allege any bad faith behavior by the Heritage Parties. As such, the Court will award pre-judgment interest at a rate of 10% on the fraud damages and 1% to the remaining breach of contract damages.

## III. POST-JUDGMENT INTEREST

The parties do not dispute applying post-judgment interest to the judgment. Post-judgment interest is mandatory and governed by federal law. *Travelers Prop. Cas. Inc. Co. of Am. v. Nat'l Union Ins. Co. of Pittsburg*, 735 F.3d 993, 1007–08 (8th Cir. 2013). The parties agree that post-judgment interest should be calculated pursuant to 28 U.S.C. § 1961(a). Post-judgment interest begins to accrue daily from the day judgment was entered until it is paid and compounds annually. 28 U.S.C. § 1961(b). However, post-judgment interest only begins to accrue on the pre-judgment interest as of the date the court awards pre-judgment interest. *Kelley as Tr. of BMO Litig. Tr. v. BMO Harris Bank N.A.*, No. 19-1756, 2023 WL 5284799, at *3–4 (D. Minn. Aug. 16, 2023) (citing *Travelers*, 735 F.3d at 1008–09).

The Heritage Parties claim entitlement to post-judgment interest at a rate of 5.01% which MMU and Keithahn do not dispute. Accordingly, the post-judgment interest will apply to the jury award, $6,019,563.98, as of the date of judgment, December 19, 2023,

and will apply to the total of the jury award and pre-judgment interest, $7,933,254.80, as of the date of this Order.[6]

## CONCLUSION

The parties dispute which damages the Heritage Parties can recover. Because all the damages are duplicative, apart from the profit damages asserted under breach of contract, the Court will merge the damages amounts into a total recoverable amount of $6,019,563.98. Under this amount, MMU and Philip Keithahn are jointly and severally liable up to $4,878,750.30, with MMU solely liable for the remaining $1,140,813.68. Because MMU and Keithahn fail to present exceptional circumstances for reducing the pre-judgment interest, the Court will award pre-judgment interest at a rate of 10% up to the amount recoverable under the fraud theories, totaling $1,869,964.84, and at a rate of 1% for the remaining contractual damages, totaling $43,725.98. The total pre-judgment interest is $1,913,690.82. Finally, the parties do not dispute the post-judgment interest, so the Court will order post-judgment interest at a rate of 5.01% accruing from the date of judgment, December 19, 2023, for the jury award and from the date of this Order for the jury award plus the pre-judgment interest.

[6] The Heritage Parties argue in their reply brief that they are entitled to add the pre-verdict interest to the post-verdict/pre-judgment interest as well as the post-judgment interest. Post-judgement interest accrues on the pre-judgment interest when the Court awards pre-judgment interest. *Kelley as Tr.*, 2023 WL 5284799, at *3–4. It is unclear if Heritage seeks to recover post-verdict interest from the date of the jury verdict until this Order. However, because the verdict and judgment were rendered on the same day, the Court finds only the post-judgment interest rate to be appropriate after the jury rendered its verdict.

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendants/Third-Party Plaintiffs' Motion to Alter/Amend/Correct Judgment [Docket No. 178] is **GRANTED in part and DENIED in part**; and

2. The Judgement [Docket No. 175] is amended as follows:

   a. The total damages amount is $6,019,563.98.

      i. Minnesota Medical University and Philip Keithahn are jointly and severally liable for damages up to $4,878,750.30.

      ii. Minnesota Medical University is solely responsible for the remaining damages of $1,140,813.68.

   b. Pre-judgment interest of $1,913,690.82 will be awarded.

   c. Post-judgment interest will be awarded at a rate of 5.01% starting from the date of judgment, December 19, 2023, for the jury award and from the date of this Order for the jury award plus pre-judgment interest.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: April 30, 2024
at Minneapolis, Minnesota.

JOHN R. TUNHEIM
United States District Judge