UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| SELECTIVE INSURANCE COMPANY OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>HERITAGE CONSTRUCTION COMPANIES, LLC, JAC & SONS INVESTMENTS, ANDREW P. CHRISTENSEN, and JENNIFER A. CHRISTENSEN,<br><br>Defendants/Third-Party Plaintiffs,<br><br>v.<br><br>PHILIP KEITHAHN and MINNESOTA MEDICAL UNIVERSITY, LLC,<br><br>Third-Party Defendants. | Civil No. 19-3174 (JRT/JFD)<br><br>**ORDER DENYING THIRD-PARTY DEFENDANTS' POST-TRIAL MOTION FOR JUDGMENT AS A MATTER OR LAW OR A NEW TRIAL** |

Alexander Brian Athmann, **FABYANSKE WESTRA HART & THOMSON, PA**, 333 South Seventh Street, Suite 2600, Minneapolis, MN 55402; Kyle E. Hart and Richard G. Jensen, **FABYANSKE WESTRA HART & THOMSON, PA**, 80 South Eighth Street, Suite 1900, Minneapolis, MN 55420 for Defendants/Third-Party Plaintiffs.

Alexander David Klein and J. Scott Andresen, **BRADFORD ANDRESEN NORRIE & CAMAROTTO**, 3600 American Boulevard West, Suite 670, Bloomington, MN 55431, for Third-Party Defendants.

This action, which stems from a failed construction project, culminated in a trial between Third-Party Plaintiffs Heritage Construction Companies, LLC ("Heritage Construction"), JAC & Sons Investments, Andrew P. Christensen, and Jennifer A.

Christensen (collectively the "Heritage Parties") and Third-Party Defendants Minnesota Medical University, LLC ("MMU") and Philip Keithahn. The jury returned a verdict of liability and awarded damages on the breach of contract, negligent misrepresentation, fraud by omission, and indemnification claims. MMU and Keithahn filed a renewed motion for judgment as a matter of law and alternatively, for a new trial. Because the jury reasonably found liability on the negligent misrepresentation claim, the Court will deny MMU and Keithahn's renewed motion for judgment as a matter of law. Additionally, because any alleged errors did not influence the jury such that it would be a miscarriage of justice to allow the verdict to stand, the Court will not grant a new trial. Finally, the Court will deny MMU and Keithahn's motion for remittitur of $300,000 of the breach of contract damages.

## BACKGROUND

The facts and procedural history of this litigation have been addressed extensively in prior orders, so the Court will only provide a brief summary below. *See Selective Ins. Co. of Am. v. Heritage Constr. Cos., LLC*, No. 19-3174, 2022 WL 4096084, *1–4 (D. Minn. Sept. 7, 2022). The original parties, Selective Insurance and the Heritage Parties resolved their disputes in a confidential settlement. *Id.* at *4. The Heritage Parties then filed a third-party complaint asserting various contract and tort claims against MMU and Philip Keithahn. *Id.*; (Answer & Am. Third-Party Compl. ¶¶ 30–63, Oct. 5, 2020, Docket No. 36.) The Heritage Parties' claims for breach of contract, fraudulent misrepresentation, negligent misrepresentation, fraud by omission, and indemnification proceeded to trial.

*Selective*, 2022 WL 4096084, at *11.  The jury found liability and awarded damages on the breach of contract, negligent misrepresentation, fraud by omission, and indemnification claims.  (Jury Verdict, Dec. 19, 2023, Docket No. 169.)  The Heritage Parties' post-trial motions addressing damages and interest were resolved in the Court's prior order.  *Selective Ins. Co. of Am. v. Heritage Constr. Cos., LLC*, No. 19-3174, 2024 WL 1886124 (D. Minn. Apr. 30, 2024).

MMU and Keithahn filed a motion for judgment as a matter of law and alternatively for a new trial.  (Third Party Mot. J. Matter of Law, Jan. 16, 2024, Docket No. 184.)  MMU and Keithahn seek judgment as a matter of law on Heritage Construction's negligent misrepresentation claim for two reasons: (1) that the statements were true at the time they were made or (2) concerned future events.  (Third-Party Defs.' Mem. Supp. Mot. J. Matter of Law at 4, Feb. 13, 2023, Docket No. 195.)  MMU and Keithahn seek a new trial on liability and damages for negligent misrepresentation, fraud by omission, and indemnification due to alleged errors in jury instructions, motions in limine rulings, and testimony.  (*Id.* at 9–22.)  MMU and Keithahn also seek a new trial on fraud by omission damages because such damages are not supported by the evidence and remittitur of the breach of contract damages because Heritage Construction failed to formally request $300,000 of its alleged damages.  (*Id.* at 22–28.)

**DISCUSSION**

**I.     JUDGMENT AS A MATTER OF LAW**

Under Federal Rule of Civil Procedure 50, the Court may resolve an issue as a matter of law if "a party has been fully heard on an issue during a jury trial" and "a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue." "A motion for judgment as a matter of law should be granted when all the evidence points one way and is susceptible of no reasonable inferences sustaining the position of the nonmoving party." *Hunt ex rel. Hunt v. Lincoln Cnty. Mem'l Hosp.*, 317 F.3d 891, 893 (8th Cir. 2003) (quotation omitted).

If the Court does not grant a motion for judgment as a matter of law made during trial pursuant to Federal Rule of Civil Procedure 50(a), the moving party may file a renewed motion regarding legal questions following the verdict and entry of judgment pursuant to Rule 50(b). In deciding a renewed motion, the Court considers the evidence in the light most favorable to the prevailing party and assumes the jury resolved conflicts in the evidence in their favor. *Minneapolis Cmty. Dev. Agency v. Lake Calhoun Assocs.*, 928 F.2d 299, 301 (8th Cir. 1991). Because a Rule 50(b) motion constitutes a renewal of a Rule 50(a) motion made at the close of the evidence, a Rule 50(b) motion is limited to the issues raised in the Rule 50(a) motion. *Hinz v. Neuroscience, Inc.*, 538 F.3d 979, 983–84 (8th Cir. 2008).

MMU and Keithahn moved for judgment as a matter of law after the Heritage Parties had presented their case. MMU and Keithahn renewed their motion for judgment

as a matter of law with respect to the negligent misrepresentation claim on the ground that the alleged representations were either true at the time they were made or only related to future assurances, not past or present facts. Additionally, MMU and Keithahn argue that if their motion is granted as to the negligent misrepresentation claim, the indemnification claim must also fail as a matter of law.

The Court denied MMU and Keithahn's Rule 50(a) motion. First, the Court found that even if the statements were true, that the bond financing had closed, there still could be a misrepresentation that once the bond financing closed, the construction funding would be available. The jury needed to resolve if that was a sufficient misrepresentation.

The Court also found, as it did at summary judgment, that the representations were not future assurances but were material present facts because they concerned occurrences if and when the bond financing closed and were not ambiguous or unhinged future promises. The material present fact was that after the bond financing closed, there would be no contingencies on the money available for construction.

The Court finds no reason to alter its decision on MMU and Keithahn's renewed motion for judgment as a matter of law. Viewing the evidence in the light most favorable to the prevailing party and assuming that the jury resolved all conflicts in their favor, the Court finds the jury's verdict reasonable. Accordingly, the Court will deny MMU and Keithahn's renewed motion for judgment as a matter of law on the negligent

misrepresentation claim. Because the Court will deny this motion, the argument raised for dismissal of the indemnification claim is moot.

## II.  NEW TRIAL

The Court may grant a motion for a new trial "on all or some of the issues." Fed. R. Civ. P. 59(a)(1). "A new trial is appropriate when the first trial, through a verdict against the weight of the evidence … or legal errors at trial, resulted in a miscarriage of justice." *Gray v. Bicknell*, 86 F.3d 1472, 1480 (8th Cir. 1996). "The authority to grant a new trial is within the discretion of the district court." *Id.* The Court may grant a new trial where erroneous rulings "had a substantial influence on the jury's verdict." *Littleton v. McNeely*, 562 F.3d 880, 888 (8th Cir. 2009) (quoting *Harris v. Chand*, 506 F.3d 1135, 1139 (8th Cir. 2007)). Only if the jury's verdict is so against the great weight of the evidence that it constitutes a miscarriage of justice should a motion for a new trial be granted. *Ogden v. Wax Works, Inc.*, 214 F.3d 999, 1010 (8th Cir. 2000).

MMU and Keithahn present several arguments that they believe individually, but especially collectively, require a new trial. Each alleged error will be taken in turn.[1]

### A.  Jury Instructions

MMU and Keithahn repeatedly requested that the jury be instructed that fraud claims cannot be based on future assurances, which the Court rejected. District Courts

---

[1] The Heritage Parties allege waiver, but MMU and Keithahn properly preserved the arguments they currently make.

have wide discretion in the wording of jury instructions. *Zutz v. Case Corp.*, 422 F.3d 764, 773 (8th Cir. 2005). Jury instructions must, "taken as a whole and viewed in light of the evidence and applicable law, fairly and adequately submit[] the issues in the case to the jury." *Horstmyer v. Black & Decker, (U.S.), Inc.*, 151 F.3d 765, 771 (8th Cir. 1998) (citation omitted). A new trial for errors in the jury instruction is only warranted where the errors misled the jury or had a probable impact on the verdict. *Nicholson v. Biomet, Inc.*, 46 F.4th 757, 762 (8th Cir. 2022).

The Court's instructions adequately informed the jury of the law notwithstanding the fact that MMU and Keithahn requested additional, legally correct information be included. The jury instructions stated that fraud claims must be based on "past or present" facts, which inherently excludes future promises. (Final Jury Instructions at 17, Jan. 11, 2024, Docket No. 177.) Further, neither the Minnesota Jury Instruction Guides for fraudulent misrepresentation or negligent misrepresentation include the proposed future assurances instruction. *See* Minn. Practice–Minn. Jury Instructions Guides (Civil), at CIVJIG 57.10 and CIVJIG 57.20 (6th ed. 2023).

The Court expressed concern about confusing the jury with any further instructions about future events, particularly because the Court had already determined the alleged misrepresentations by Keithahn were not future assurances. (Trial Tr. Vol. IV at 188, Jan. 25. 2024, Docket No. 191.) The Court was not required to provide an instruction it did not believe the record supported. *Lincoln Composites, Inc. v. Firetrace USA, LLC*, 825 F.3d

453, 463 (8th Cir. 2016). The Court properly instructed the jury on the law and believes the absence of a future assurances instruction had no impact. Accordingly, MMU and Keithahn are not entitled to a new trial based on their claimed jury instruction error.

### B. Motions in Limine

There are two issues relating to the Court's orders on MMU and Keithahn's motions in limine. First, MMU and Keithahn take issue with the Court's denial of their motion in limine to exclude Keithahn's Harvard University attendance and the Heritage Parties' statements about Harvard. Second, they claim that the Heritage Parties violated the Court's order to not elicit testimony that Keithahn owned a bank.

#### 1. Keithahn's Harvard Education

The Court denied MMU and Keithahn's motion in limine to exclude any reference to the fact that Keithahn received his MBA from Harvard. The Court instructed the parties not to dwell on this fact but acknowledged its relevance to the sophistication of the parties. MMU and Keithahn challenge that ruling and also claim that the Heritage Parties repeatedly violated the "spirit" of the order by referencing Harvard on numerous occasions.

Evidentiary rulings, as with jury instruction decisions, only serve as the basis for a new trial when the jury was misled by the error, or it had a probable effect on the verdict. *Reach Cos. v. Newsert, LLC*, 94 F.4th 712, 716 (8th Cir. 2024). The Court allowed some testimony about Keithahn's Harvard education because the sophistication of the parties played a central role in determining reasonable reliance. The Court rejected MMU and

Keithahn's argument that Keithahn's attendance at Harvard as opposed to any other institution was irrelevant and outweighed by unfair prejudice under Federal Rule of Evidence 403.  The Court finds Keithahn's educational background to be relevant to the sophistication of the parties such that the information was properly admitted.  Further, it served only as one piece of the greater puzzle of his reliability, and the parties more regularly cited to his work experience and various roles in financial institutions, so the Court is unconvinced that excluding this information would have changed the verdict in any way.

MMU and Keithahn contend that even if the order was proper, the Heritage Parties violated the order.  When a party violates a motion in limine order, it only serves as the basis for a new trial when the order was specific in its prohibition and the violation was clear.  *Warger v. Schauers*, 721 F.3d 606, 609 (8th Cir. 2013).  Additionally, the violation must constitute prejudicial error or lead to an unfair trial.  *Pullman v. Land O'Lakes, Inc.*, 262 F.3d 759, 762 (8th Cir. 2001). The Court's order denying MMU and Keithahn's motion in limine relating to Keithahn's Harvard education was not specific nor was the violation clear.  True, the Court asked the parties to not "dwell" on the fact that Keithahn went to Harvard, but that does not provide firm guidance on how many times a party could mention Harvard throughout a five-day trial.  Even if the Heritage Parties had violated the "spirit" of the order, MMU and Keithahn present no evidence that these references produced a prejudicial effect.  They explain why reference to Harvard **could** be prejudicial

-9-

but not how it **was** prejudicial. The Court already rejected those concerns in denying the motion in limine. Without a clear violation or showing of prejudice, the Heritage Parties' mention of Harvard does not serve as the basis for a new trial.

### 2. Keithahn's Bank Ownership

The Court granted MMU and Keithahn's motion to exclude testimony that Keithahn owned a bank. It reiterated that ruling in a sidebar directly before the alleged violation. (Trial Tr. Vol. IV at 95.) Then, the Heritage Parties proceeded to ask Keithahn about his majority share in the corporation that owned the bank. (*Id.* at 97.) The Court later determined that because the testimony had already been elicited and the Heritage Parties did not "say the magic words" of owner, any objection need not be addressed. (*Id.* at 111.) Upon review of the entire record, the Court is less inclined to grant the Heritage Parties the leeway they received at trial.

Again, the Court must determine if its order was specific, the violation was clear, and prejudice resulted. *Warger*, 721 F.3d at 609. First, the Court's order clearly informed the Heritage Parties not to elicit testimony about Keithahn's bank ownership. Whether the violation was clear is a more difficult question. Upon review of the transcript, it is unclear whether this testimony had been elicited previously. Also, the timing of the Heritage Parties' question, immediately after a sidebar specifically affirming the Court's prior order, is concerning. The Heritage Parties' questioning seemingly tried to walk a fine line of letting the jury hear the precluded testimony without explicitly asking the

question using the word owner. The Court finds that to be a clear violation of its motion in limine order.

However, even with a specific order and clear violation, there is no evidence to suggest that one question about Keithahn's ownership interest was prejudicial or impacted the outcome. The Heritage Parties bookended this question with others about Keithahn's background and experience in banking, without emphasizing Keithahn's ownership. *Pullman*, 262 F.3d at 762–63 (finding that one violation of a motion in limine order that did not specifically highlight the improper evidence was insufficient to grant a new trial). Further, the jury returned a mixed verdict, finding no liability on Heritage Construction's fraudulent misrepresentation claim. The result indicates that the jury reached a well-reasoned decision. This singular violation is insufficient to grant a new trial.

### C. MMU's Ability to Satisfy a Verdict

MMU and Keithahn argue that the Heritage Parties' reference to MMU's inability to satisfy any verdict was improper because it led the jury to find Keithahn liable. Of the many comments to which MMU and Keithahn object, the only statements requiring review are those specifically about MMU's current ability to pay a judgment. Any statements about MMU's inability to perform on the construction contract were inherently intertwined with the claims at issue and thus were permissible.

MMU and Keithahn raise concerns the Court takes seriously. The Heritage Parties certainly made inflammatory statements. But fortunately for the Heritage Parties, the

bar is high for a new trial and the Court is not convinced those statements changed the outcome or resulted in a miscarriage of justice. *CellTrust Corp. v. ionLake, LLC*, No. 19-2855, 2023 WL 8448792, at *6–7 (D. Minn. Dec. 6, 2023) (finding that isolated statements, even uncured, would not have changed the outcome or resulted in miscarriage of justice). Further, many of these statements were made during opening and closing arguments which the Court specifically instructed the jury were not evidence. *Billingsley v. City of Omaha*, 277 F.3d 990, 997 (8th Cir. 2002). Accordingly, the Heritage Parties' problematic statements are insufficient to warrant a new trial.

### D. Impeachment of Philip Keithahn

Keithahn was a key witness and thus the subject of significant questioning and attempts at impeachment. The Heritage Parties used his deposition testimony as impeachment evidence. Keithahn did not directly contradict prior statements, but he claimed an inability to recall certain facts at his deposition that he remembered by the time he was questioned at trial. The parties thus dispute whether the deposition testimony was proper impeachment evidence. MMU and Keithahn cite to *Hunt v. Regents of Univ. of Minn.*, for the proposition that amplifying deposition testimony at trial is not appropriate for impeachment. 460 N.W.2d 28, 34 (Minn. 1990). Even setting aside that the Minnesota Supreme Court was not interpreting the Federal Rules of Evidence, the facts of *Hunt* were different. The Heritage Parties did not attempt to impeach Keithahn with prior, more limited statements. Instead, they specifically pointed out failures to recall as inconsistent with recollection at trial. The Eighth Circuit has previously approved

the use of inconsistent recollection for impeachment purposes. *See, e.g.*, *United States v. Rogers*, 549 F.2d 490, 495–96 (8th Cir. 1976). Because the Heritage Parties' method was not improper, credibility was appropriately left to the jury.

\*   \*   \*

MMU and Keithahn urge the Court to find that even if any one of the arguments above do not individually require a new trial, collectively they do. A multitude of errors can require a new trial if the cumulative effect affects a party's "substantial rights" or "affected the judgment." *Krekelberg v. City of Minneapolis*, 991 F.3d 949, 959–60 (8th Cir. 2021) (internal quotation omitted). While the Court found two instances of questionable conduct by the Heritage Parties, neither were so significant that a new trial is warranted. The same is true for the cumulative effect. Even considering both of those errors together, there is still no evidence that they impacted the overall verdict. Instead, the evidence, specifically the mixed verdict on fraud claims relying on the same evidence, weighs heavily against prejudicial impact. Thus, the Court will deny MMU and Keithahn's motion for a new trial on liability.

### E.  Fraud by Omission Damages

MMU and Keithahn also request a new trial on the fraud by omission damages award. The Heritage Parties used the same damages calculations for all three fraud claims. MMU and Keithahn claim those calculations must be erroneous because the alleged omissions occurred months after the alleged misrepresentations, requiring the jury to speculate on damages. The Heritage Parties counter by explaining that they only

seek damages from after both the misrepresentations and the omissions. Because the damages were reasonably based on pay applications submitted after the alleged omissions, the Court will not grant a new trial on damages on the fraud by omission claim.

## III.    REMITTITUR

MMU and Keithahn seek remittitur of the jury award on Heritage Construction's breach of contract claim. A district court should order remittitur "only when the verdict is so grossly excessive as to shock the conscience of the court." *Ouachita Nat'l Bank v. Tosco Corp.*, 716 F.2d 485, 488 (8th Cir. 1983) (internal quotations omitted).

MMU and Keithahn seek remittitur of $300,000 on an award of over $6 million for breach of contract. They note that Heritage Construction did not include the $300,000 on any pay application, meaning it was never entitled to receive that money under the contract. Testimony reflects that Heritage Construction never included the $300,000 on a pay application. But Heritage Construction only decided not to submit a pay application after at least three previous pay applications had gone unpaid. Because Heritage Construction still provided evidence it would be entitled to that amount, and MMU and Keithahn do not challenge the actual number, remittitur is not appropriate.

## CONCLUSION

MMU and Keithahn seek various forms of relief from the jury verdict. However, the jury reasonably found liability based on all the evidence presented and reasonably calculated damages. The jury verdict will stand as returned with the exception of the duplicative damages reduction in the Court's previous order.

-15-

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Third-Party Defendants' Motion for Judgment as a Matter of Law and Alternatively for a New Trial [Docket No. 184] is **DENIED**.

DATED:  May 28, 2024
at Minneapolis, Minnesota.

JOHN R. TUNHEIM
United States District Judge